# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TROY SOUDERS, et al.** | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| v. | : | |
| **THE SCHOOL DISTRICT OF PHILADELPHIA,** | : | **NO.   18-2167** |
| **Defendant.** | : | |

## O R D E R

AND NOW, this _____ day of _____, 2018, upon consideration of Defendant, The School District of Philadelphia's Motion for Judgment on the Pleadings, and any response thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED. It is further ORDERED that the claims of Plaintiffs Troy Souders and Melissa McCullough in Counts II and III of Plaintiffs' Complaint are DISMISSED with prejudice.

BY THE COURT:

_____
Pappert, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | : | |
|---|---|---|
| **TROY SOUDERS, et al.** | : | **CIVIL ACTION** |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| **THE SCHOOL DISTRICT OF PHILADELPHIA,** | : | |
| | : | NO.    18-2167 |
| Defendant. | : | |
| | : | |

**MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant, The School District of Philadelphia, hereby files this Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) seeking dismissal of the claims of Troy Souders and Melissa McCullough set forth in Counts II and III of Plaintiffs' Complaint. For the reasons set forth in the attached Memorandum of Law, which is incorporated herein by reference, Defendant respectfully requests that this Honorable Court enter judgment in its favor and dismiss Plaintiff's claims set forth in Counts II and III with prejudice.

Respectfully Submitted,

*/s/ John J. Coyle*
John J. Coyle, Esq.
Assistant General Counsel
The School District of Philadelphia
440 North Broad Street Suite 313
Philadelphia, PA  19130
jcoyle@philasd.org
P: 215-400-5117 / F: 215-400-4121

Date: September 4, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **TROY SOUDERS, et al.** | : | **CIVIL ACTION** |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| **THE SCHOOL DISTRICT OF PHILADELPHIA,** | : | |
| | : | **NO. 18-2167** |
| Defendant. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION FOR JUDGEMENT ON THE PLEADINGS**

Defendant, The School, hereby files this Memorandum of Law in Support of his Motion for Judgment on the Pleadings.

**I.     Introduction**

On May 23, 2018, Plaintiffs filed their initial complaint in this matter asserting claims against the School District of Philadelphia ("the District"). (ECF No. 1.) Minor Plaintiff E.S. asserted claims under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("RA") (Count I), as well as a state law claim under the Pennsylvania Human Relations Act (Count III).  The Parents of Minor Plaintiff, Troy Souders and Melissa McCullough ("Parent Plaintiffs"),  asserted claims of their own against the District for associational discrimination under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973 (Count II), as well as a state law claim under the Pennsylvania Human Relations Act ("PHRA") (Count III).  On August 14, 2018, Defendant filed its Answer to Plaintiffs' Complaint with Affirmative Defenses.  (ECF No. 3.)  Defendant now moves pursuant to Rule 12(c) for dismissal of Counts II and III of Plaintiffs' Complaint.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). Motions for judgment on the pleadings are reviewed under the same standard as motions to dismiss pursuant to Rule 12(b)(6). Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004) (noting that there is "no material difference in the applicable legal standards" for Rule 12(b)(6) and Rule 12(c) motions).[1]

## III. Argument

Parent Plaintiffs' associational discrimination claims under the ADA, RA, and PHRA fail as a matter of law. The substantive standards for determining liability under the ADA and the RA are the same. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 275 (3d Cir. 2014). Additionally, Pennsylvania courts have routinely analyzed PHRA claims under the same legal standard as the ADA. *Rinehimerv. Cemcolift, Inc.*, 292 F.3d 375, 382 (3d Cir. 2002). To properly plead an associational discrimination claim, Parent Plaintiffs must articulate facts which demonstrate they were "personally excluded from participation in or denied benefits of a covered activity or subjected to discrimination because of their son's disability." *R.S. by D.S. v. Butler County*, 700 Fed.Appx. 105, 109-110 (3d Cir. 2017). In this matter, Plaintiffs do not plead any discriminatory conduct directed at Parent Plaintiffs, nor do they plead any facts demonstrating a denial of the benefits of a covered activity. Rather, Plaintiffs allegations point only to the alleged

---

[1] A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In deciding a motion to dismiss under Rule 12(b)(1), courts should "treat the allegations of the complaint as true and afford the plaintiff the favorable inferences to be drawn from the complaint." *NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 341 (3d Cir. 2001).

discrimination suffered by Minor Plaintiff and then reference the consequential harm Parent Plaintiffs suffered.  The Complaint pleads only that Parent Plaintiffs, as a result of the District's discrimination directed toward the Minor Plaintiff, suffered lost wages, financial injuries, and emotional distress.  (Compl. at ¶¶ 50-53.)  Allegations of harm befallen by parents based upon discrimination directed at their child do not state a claim for associational discrimination, rather only discrimination directed at the parents themselves will suffice to support a claim.  *R.S. by D.S.*, 700 Fed.Appx. at 109 (citing *McCullum v. Orlando Regional Healthcare Sys., Inc.,* 768 F.3d 1135, 1142 (11th Cir. 2014)).  Because Parent Plaintiffs' do not allege any discrimination they personally suffered, their associational discrimination claims in Counts II and III should be dismissed.

**IV.    Conclusion**

For the foregoing reasons, the Court should dismiss the claims of Troy Souders and Melissa McCullough in Counts II and III with prejudice.

Respectfully Submitted,

*/s/ John J. Coyle*
John J. Coyle, Esq.
Assistant General Counsel
The School District of Philadelphia
440 North Broad Street Suite 313
Philadelphia, PA  19130
jcoyle@philasd.org

Date: September 4, 2018         P: 215-400-5117 / F: 215-400-4121

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TROY SOUDERS, et al.** | **CIVIL ACTION** |
| **Plaintiffs,** | |
| v. | |
| **THE SCHOOL DISTRICT OF PHILADELPHIA,** | NO. 18-2167 |
| **Defendant.** | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the Defendant's Partial Motion for Judgment on the Pleadings was filed via the Court's electronic filing system and is available for downloading.

Respectfully Submitted,

*/s/ John J. Coyle*
John J. Coyle, Esq.
Assistant General Counsel
The School District of Philadelphia
440 North Broad Street Suite 313
Philadelphia, PA  19130
jcoyle@philasd.org
Date: September 4, 2018          P: 215-400-5117 / F: 215-400-4121